IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

LYNETTE CHRISTMAS,                    *

    Plaintiff,                    *

vs.                                   *

                             CASE NO. 4:19-CV-53 (CDL)

THOMAS CARL PIERSON,                  *

    Defendant.                    *

_____

O R D E R

The Court previously granted the motion to dismiss all claim against Harris County, all official capacity claims against Sheriff Robert Michael Jolley and Defendant Thomas Carl Pierson, and all state law claims against Sheriff Jolley in his individual capacity. Order on Mot. to Dismiss, ECF No. 15. Based on that ruling, the Court terminated Harris County as a party in this action. The Court later granted the summary judgment motion of Sheriff Jolley based on qualified immunity and terminated the Sheriff as a party. Order Granting Mot. for Summ. J., ECF No. 38. The only remaining claims are the individual capacity claims against Defendant Pierson.

The parties filed a consent motion for entry of judgment under Federal Rule of Civil Procedure 54(b), which the Court denied in a text order. Text Order (Jan. 21, 2021), ECF No. 44. Upon further reflection, the Court reconsiders its decision to

deny entry of judgment under Rule 54(b). The Court hereby vacates its text order denying the consent motion for entry of judgment under Rule 54(b) and issues this order certifying its judgment for immediate appeal.

Rule 54(b) permits the Court to direct entry of a final judgment "as to one or more, but fewer than all claims or parties only if the court expressly determines that there is no just reason for delay." The Court recognizes that the Eleventh Circuit has cautioned that Rule 54(b) certifications must be reserved for "unusual" cases where the litigants' pressing need for an early and separate judgment outbalances the costs and risks of overcrowding the appellate docket. *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 166 (11th Cir. 1997). The Court finds that this is such a case. The order on the motion to dismiss completely disposed of all claims against Harris County, all claims against the office of the Harris County Sheriff, and all individual capacity state law claims against Sheriff Jolley. Then, the summary judgment order completely disposed of all remaining claims against Sheriff Jolley. Based on those two orders, all parties except Defendant Pierson in his individual capacity have been terminated from the case. Thus, the order on the motion to dismiss and the summary judgment order together constitute a final judgment eligible for certification under Rule 54(b).

The remaining question is whether there is any just reason for delay.[1]  Taking into account judicial administrative interests and the equities involved, there is not.  The claims for which final judgment is sought are completely separable from the claims remaining to be adjudicated.  The nature of the claims already determined is such that no appellate court will have to decide the same issues more than once even if there were a subsequent appeal after the individual capacity claims against Defendant Pierson are finally adjudicated.  Accordingly, the Court concludes that there is no just reason for delaying the certification of its dismissal order (ECF No. 15) together with its summary judgment order (ECF No. 38) as final pursuant to Rule 54(b).

Because there is no just reason for delay, the Clerk is hereby ORDERED to enter final judgment as to Harris County and Sheriff Robert Michael Jolley based on the Court's orders on the motion to dismiss and the motion for summary judgment.

IT IS SO ORDERED, this 31st day of March, 2021.

S/Clay D. Land
CLAY D. LAND
U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

---

[1] The Court previously concluded that it could not find "no just reason for delay" because the remaining claims against Defendant Pierson were scheduled to be tried during an upcoming trial term, so the Court did not anticipate a lengthy delay in the trial and thus the entry of final judgment.  That trial term has been delayed due to COVID-19 concerns, and the Court finds that judicial economy favors Rule 54(b) certification.